The opinion of the court was delivered by
Manning, O. J.
This is an action to revive a judgment.
Until the statute of 1853, judgments were imprescriptible. The special and sole object of that act was to subject them to that mode of extinction. Of course some mode had to be provided of avoiding that prescription then for the first time imposed. The mode was the issuance of a citation according to law to the defendant, or his representative. The issuance of a citation according to law means that it is based upon, or accompanied by a petition praying for a revival of the judgment.
The defendant is cited to shew cause why the judgment should not be revived, and therefore, he argues, he should be at liberty to shew *1331 that it ought not to have been rendered, or to shew such defects in it as will annul it. The title of the act indicates its object. That object is to make judgments prescriptible, not to provide a new and additional mode of annulling them. The mode and causes of annulling them had been already provided. Code of Practice, articles 604 et seq.
Prior to 1853 there was no need to revive a judgment. It did not die óf senility or inanition. The statute of that year fixed a limit to its life, and furnished the holder of it the means to prolong that life.
The sole issues therefore that can be tried in a suit to revive a judgment are whether it had ever been rendered, and whether it had become extinct. The proof of the former is a certified copy of the judgment itself, and of the latter an actual payment, or the payment which the law presumes to have been made from lapse of time, or some other mode of extinguishing it. This was held to be the proper construction of the law of 1853 in two cases last winter. McStea vs. Rotchford, Brown & Co.; Burnside vs same, not yet reported.
After judgment by default had been entered, the defendant moved to set it aside on the ground that he had taken an appeal from the original judgment, the revival of which is now sought. So far from the pendency of an appeal from the original judgment being a good reason why proceedings should not be taken to revive it, the want of such proceedings will enable the judgment debtor to plead its extinguishment by prescription, for it is now settled doctrine that whether the appeal from the original judgment be devolutive or suspensive, its pendency does not dispense the plaintiff who obtained it from instituting his action for its revival and citing the defendant to answer thereto. Arronsmith vs. Durell, 21 Annual 295; Walker vs. Hays, 26 Annual 176.
Objection is also made to the use of the names of the plaintiffs in the petition for revival, it being alleged by the defendant that one of them has no longer any interest in it. There is no exception or plea of misjoinder, and if there were, it would not be good.
The names of the original plaintiffs are properly used, and the revival enures to the benefit of the present holder.
The plaintiff is entitled to a judgment of revival. This judgment in no respect validates the original judgment, or corrects any defect in it, if such exists.
It does not impart to the original judgment any additional force or effect, but simply keeps it alive, preserves its validity, and prevents its extinction by the lapse of time.
The suit to revive is merely the mode provided to prevent the acquisition of prescription of a judgment, as the ré-inscription of a mortgage is the mode provided to prevent its peremption.
It is therefore ordered, adjudged and decreed that the judgment of the lower court is affirmed with costs.